### REUBEN MATTISON vs. DANIEL BANCUS.

A justice of the peace has no power to issue an attachment for any sum exceeding one hundred dollars

Plaintiff, a constable, sued in trover for goods on which he had levied under an execution against the owner of the goods. Defendant justified the taking of the goods under a justice's attachment issued on a debt over $100. *Held*, that it was competent for plaintiff to dispute in the trover suit the validity of the attachment.

The plaintiff in attachment was a trespasser, and can not set it up as a justification against any person. *Per* BEARDSLEY, J. (a)

ERROR to the court of common pleas of the county of Rensselaer. The facts of the case sufficiently appear in the judgment.

*T. C. Ripley*, for plaintiff in error, cited *Loder* v. *Phillips*, 13 Wend., 46 ; *Earl* v. *Camp*, 16 id., 562 ; *Comfort* v. *Gillespie*, 13 id., 404 ; *Bennett* v. *Ingersoll*, 24 id., 113 ; *Savacool* v. *Boughton*, 5 id., 170 ; *Jenny* v. *Filer*, 8 id., 569 ; *Prince* v. *Jackson*, 6 Mass , 242.

*J. Pierson*, for defendant in error, cited *Yates* v. *St. John*, 12 Wend., 74 ; *Jenner* v. *Joliffe*, 6 Johns., 9 ; S. C., 9 id., 381 ;

---

(a) See *Castellanos* v. *Jones*, 1 Seld., 164.

*Blake* v. *Shaw*, 7 Mass., 505; *Germon* v. *Swartout*, 3 Wend., 282; *Wilcox* v. *Smith*, 5 id., 231.

*By the Court*, BEARDSLEY, J.    Mattison sued Bancus in the justice's court in trover, and recovered judgment, which was carried to the court of common pleas by appeal.    On the trial in the common pleas the plaintiff claimed to recover, on the ground that he had made a levy, as constable, on the property in question, by virtue of an execution in his hands against one Foster.    Questions were made as to the legality of the execution and the levy, but these were ruled by the court in favor of the plaintiff, and it is not necessary to examine them here as the cause was finally disposed of on other grounds.    The defendant justified the seizure of the property under an attachment issued in his favor by a justice of the peace, against Foster.    The plaintiff objected that the attachment was void, but the court decided that it could not be attacked in this collateral way, and that it constituted a good defence to the action.    To this the plaintiff excepted, and the questions to be decided are thus raised.

The principles which apply to the case are very familiar and hardly require to be supported by reference to authority. The plaintiff, a constable, had an execution against Foster, which he claimed to have levied on this property.    He therefore set up the rights of an execution creditor of Foster, and as such, had an unquestionable right to attack this proceeding by attachment and show it to be void.    This, indeed, may be done by any person against whom it becomes necessary to prove such proceedings as a defence; there is no exception to the rule.

The attachment issued in the case was a nullity and constituted no ground of defence to the defendant.

A justice of the peace may issue an attachment in certain cases, as is particularly specified in the statute.    Amongst other things the application for this process must be founded on a demand "amounting to one hundred dollars, or any less sum."    (2 R. S. 230, § 27.)    An affidavit must be made stating "*the sum* in which the debtor is indebted," which sum is also to be set forth in the attachment, and the con-

stable is to be thereby commanded to attach so much property of the debtor as will be sufficient to satisfy such debt. (§§ 28, 30.) The sum mentioned in the affidavit upon which this attachment issued, and in the attachment, was one hundred and five dollars and eighty-seven cents, and the constable was commanded to attach property to satisfy that debt. This was wholly unauthorized; a justice has no power to issue an attachment for any sum exceeding one hundred dollars. If he can do so for one hundred and five dollars, he can for five thousand.

The justice plainly transcended his jurisdiction, and the plaintiff in the attachment, who procured it to be issued and served, was a trespasser, and can not set it up as a justification against any person.

The judgment of the common pleas must be reversed.

Judgment reversed.